# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

FREDERICK A. POSTIE,

                Plaintiff,

    v.

SERGEANT DUANE FREDERICK, et al.,

                Defendants.

CIVIL ACTION NO. 3:14-CV-00317

(MANNION, D.J.)
(MEHALCHICK, M.J.)

## REPORT AND RECOMMENDATION

This is a *pro se* action for damages and declaratory relief, initiated upon the filing of the complaint in this matter on February 21, 2014. (Doc. 1; Doc. 1-1). In his nine-count complaint,[1] prisoner-plaintiff Frederick A. Postie asserts several federal civil rights and related state law tort claims against five defendants — the municipality of Rush Township, located in Schuylkill County, Pennsylvania, and four Rush Township police officers. On June 20, 2014, the Defendants filed a motion to dismiss the complaint. (Doc. 15). For the reasons stated below, it is recommended that the motion be granted and the complaint be dismissed in its entirety.

## I.   MOTION TO DISMISS STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

---

[1] Postie's initial filing included an eight-count complaint (Doc. 1) accompanied by an "amendment to original complaint" (Doc. 1-1) asserting a ninth count. Notwithstanding their formatting as a complaint and supplemental amendment, because both were signed and submitted for filing on the same day, the Court will construe them as a single pleading and refer to both together as "the complaint." *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a federal court's obligation to liberally construe the filings of pro se litigants, especially those who are incarcerated).

12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

Under Rule 12(b)(6), the defendant has the burden of showing that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Johnsrud v. Carter*, 620 F.2d 29, 32–33 (3d Cir. 1980); *Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). Although a plaintiff is entitled to notice and an opportunity to respond to a motion to dismiss, he has no obligation to do so — he may opt to stand on the pleadings rather than filing an opposition. The Court must nevertheless examine the complaint and determine whether it states a claim as a matter of law. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.   DISCUSSION

Postie seeks declaratory judgment and a damages award for various constitutional

violations and related state law torts allegedly committed by the Defendants in connection with a state criminal investigation and prosecution. According to the allegations of the complaint, two of the defendant police officers illegally took him into custody and detained him pending trial on criminal charges that were ultimately dismissed at the preliminary hearing stage. Postie claims that these criminal charges were instituted based on a fraudulent probable cause statement prepared by one of these two police officers. Postie further alleges that certain unspecified property was seized from his home in an illegal search conducted by all four defendant police officers, and that the property has not been returned to him. Postie claims that these actions violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, that municipal defendant Rush Township is vicariously liable for these federal civil rights violations, and that the Defendants are further liable under a variety of state law tort theories, including false arrest, false imprisonment, assault and battery, malicious prosecution, abuse of process, and failure to intervene.

The Defendants have moved to dismiss the complaint pursuant to Rule 12(b)(6). They argue that all of Postie's federal civil rights claims, brought under 42 U.S.C. § 1983, are barred by the favorable termination rule articulated in *Heck v. Humphrey*, 512 U.S. 477 (1994), because a judgment in favor of the plaintiff would necessarily imply the invalidity of a separate criminal conviction and sentence. They argue that Postie has failed to allege facts sufficient to establish a § 1983 municipal liability claim against Rush Township, as required by *Monell v. Department of Social Services*, 436 U.S. 658 (1978). They further argue that the individual police officer defendants are entitled to qualified immunity because they did not know that the factual statements made in the affidavit were false. Finally, they argue that all

of Postie's federal civil rights claims and state law tort claims fail on the merits.

A. U<small>NLAWFUL</small> I<small>NCARCERATION</small> C<small>LAIMS</small>

In Count I, Postie asserts a federal civil rights claim under 42 U.S.C. § 1983 against Officer Duane Frederick and Officer Adam Sinton, alleging that they violated his Fourth, Fifth and Fourteenth Amendment rights by effecting his arrest on March 1, 2012, and his subsequent incarceration, pursuant to a criminal complaint based on an affidavit by Officer Frederick charging him with "a fictitious crime, with full knowledge that the facts sworn to in the affidavit were wholly false." (Doc. 1, at 5). The Defendants contend that this claim is barred by the favorable termination rule articulated by the Supreme Court of the United States in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that, where judgment in favor of a plaintiff in a § 1983 action for damages would necessarily imply the invalidity of the plaintiff's conviction or sentence, the plaintiff must first demonstrate "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486–87. In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court reaffirmed this rule and broadened it to encompass equitable remedies as well, holding that "a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter what the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 81–82.

In his complaint, Postie alleges that, on March 1, 2012, Officer Sinton took Postie

into custody as he was released from a correctional facility in another county. Sinton then transported Postie to Schuylkill County Prison, where he was arraigned and then, because he was unable to post bail, he was held in custody pending further criminal proceedings. Postie claims that the arrest warrant and criminal proceedings for which he was being held were pursuant to a criminal complaint based upon a fraudulent affidavit signed by Officer Frederick. On May 10, 2012, a magisterial district judge dismissed the charges against Postie because the Commonwealth was unprepared to present evidence at his preliminary hearing. Rather than release Postie, he claims that Officer Frederick prepared a new criminal complaint and warrant based, once again, on a fraudulent affidavit in which Frederick reiterated the same false allegations of criminal conduct by Postie. On May 30, 2012, Postie was arraigned and, because he was unable to post bail, he was held in custody pending further criminal proceedings. On July 24, 2012, the magisterial district judge again dismissed the charges against Postie because the Commonwealth was, once again, unprepared to present evidence at his preliminary hearing. Based on these alleged facts, Postie seeks declaratory relief and an award of damages for his allegedly unlawful incarceration between March 1, 2012, and July 24, 2012.

The complaint, however, does not paint a complete picture. A review of publicly available state court records reveals a host of criminal proceedings against Postie in several different counties, all of which were pending at the same time. These judicial proceedings constitute public records of which this Court may take judicial notice in ruling on a motion to dismiss. *See* Fed. R. Evid. 201; *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Pennsylvania v. Brown*, 373 F.2d 771, 778 (3d Cir. 1967). Also helpful are copies of the underlying criminal complaints and supporting affidavits of probable cause referenced by

the complaint and supplied by both parties as exhibits to their briefs on the motion to dismiss. (Doc. 16-1, at 2–8; Doc. 19, at 11–12; Doc. 19, at 14–17). The Court has also considered a partial transcript of the July 24, 2012, preliminary hearing, supplied by Postie as an exhibit to his brief in opposition to the motion. (Doc. 19, at 19–22). *See generally Tellabs*, 551 U.S. at 322.

It first must be noted that the state court records appear to corroborate some of the basic facts alleged by Postie in his complaint. On March 1, 2012, a criminal complaint was filed in Schuylkill County, charging Postie with the felony offenses of theft by unlawful taking of moveable property, receiving stolen property, and conspiracy to commit theft. The state court record identifies the arresting agency as the Rush Township Police Department, the arresting officer as defendant Frederick, and the police complaint/incident number as RTPD201101012. The state court record indicates that Postie was arraigned on March 1, 2012, and held in custody on these charges because he was unable to post bail, and that the criminal complaint was dismissed on May 8, 2012. *See Commonwealth v. Postie*, No. MJ-21306-CR-0000065-2012 (Schuylkill County Magis. Dist. Ct.). The underlying criminal complaint and supporting affidavit of probable cause, submitted by Postie as an attachment to his opposition brief, provide some additional detail regarding these charges. (Doc. 19, at 11–12). Over a 1½-year period from "September 2010 to late 2011," Postie and another individual, Daryl Jones, stole 600 to 800 gallons of fuel oil plus certain fuel pumping equipment from a business located in Rush Township. (Doc. 19, at 12). Following an interview with Officer Frederick, Postie provided a written confession to this and other unspecified crimes. (Doc. 19, at 12).

On May 10, 2012, two days after the initial criminal proceeding was dismissed, a

new criminal complaint was filed in Schuylkill County, charging Postie with substantially the same offenses, based on the very same police complaint/incident number (RTPD201101012). *See Commonwealth v. Postie*, No. MJ-21306-CR-0000154-2012 (Schuylkill County Magis. Dist. Ct.). The underlying criminal complaint and supporting affidavit of probable cause, submitted by Postie as an attachment to his opposition brief, are substantially identical to the original criminal complaint and affidavit. (*Compare* Doc. 19, at 14–17, *with* Doc. 19, at 11–12). Postie was arraigned on May 30, 2012, and held in custody on these charges because he was unable to post bail. *See Commonwealth v. Postie*, No. MJ-21306-CR-0000154-2012 (Schuylkill County Magis. Dist. Ct.). On July 24, 2012, this second criminal complaint was dismissed with prejudice because the Commonwealth was, for a second time, unprepared to present any evidence. (Doc. 19, at 20–22).

Based on these facts, Postie claims that he was unlawfully detained between March 1, 2012, and July 24, 2012. But, as is often the case, the devil is in the details. At the time of his allegedly unlawful detention, Postie was also facing charges or serving sentences in no fewer than nine other criminal cases pending in five different counties. A detailed review of state court records indicate that Postie has been lawfully incarcerated in one local jurisdiction or another continuously since February 20, 2012, at the latest.

On June 22, 2011, a criminal complaint was filed in Schuylkill County, charging Postie with the summary offense of driving while his operator's license was suspended or revoked. In response to a summons, Postie appeared before a magisterial district judge for a preliminary hearing on July 12, 2011, and he was released on unsecured bail pending trial. On February 16, 2012, Postie pleaded guilty and was sentenced to a term of 3 to 6 months in prison, with the provision that he would be granted immediate parole upon completion of

the minimum sentence. On March 13, 2012, at the request of his public defender, the court amended the effective date of Postie's sentence of confinement to commence on February 28, 2012. Postie did not appeal his conviction and sentence in this case. *See Commonwealth v. Postie*, No. CP-54-CR-0000939-2011 (Schuylkill County C.C.P.); *Commonwealth v. Postie*, No. MJ-21306-CR-0000203-2011 (Schuylkill County Magis. Dist. Ct.).

On July 6, 2011, a criminal complaint was filed in Lehigh County, charging Postie with the summary offense of driving while his operator's license was suspended or revoked. In response to a summons, Postie appeared before a magisterial district judge for a preliminary hearing on September 30, 2011, and he was released on unsecured bail pending trial. On February 15, 2012, Postie failed to appear for a hearing, and as a result, his bail was revoked and a bench warrant was issued for his arrest. On January 15, 2013, following a bench trial, Postie was found guilty and sentenced to serve a term of 4 months in prison. An appeal from this conviction and sentence is currently pending before the Superior Court of Pennsylvania. *See Commonwealth v. Postie*, No. 626 EDA 2013 (Pa. Super. Ct.); *Commonwealth v. Postie*, No. CP-39-CR-0004173-2011 (Lehigh County C.C.P.); *Commonwealth v. Postie*, No. MJ-31301-CR-0000086-2011 (Lehigh County Magis. Dist. Ct.).

On August 3, 2011, a criminal complaint was filed in Schuylkill County, charging Postie with felony retail theft. Postie was arrested and taken into custody on August 13, 2011. He was arraigned and held in custody on this charge for three days because he was unable to post bail. On August 15, 2011, Postie posted bail and was released pending trial. On July 25, 2012, Postie pleaded guilty and was sentenced to serve a term of 2 to 23 months in prison. Postie did not appeal his conviction and sentence in this case. *See Commonwealth v. Postie*, No. CP-54-CR-0001311-2011 (Schuylkill County C.C.P.); *Commonwealth v. Postie*,

No. MJ-21301-CR-0002553-2011 (Schuylkill County Magis. Dist. Ct.).

On October 21, 2011, a criminal complaint was filed in Carbon County, charging Postie with felony retail theft. Postie was arrested and taken into custody on November 11, 2011. He was arraigned and held in custody on this charge for four days because he was unable to post bail. On November 14, 2011, Postie posted bail and was released pending trial. On February 15, 2012, Postie failed to appear for a hearing, and as a result, his bail was revoked and a bench warrant was issued for his arrest. On August 5, 2013, Postie was found guilty following a jury trial. On October 7, 2013, Postie was sentenced to serve a term of 12 to 30 months in prison. An appeal from this conviction and sentence is currently pending before the Superior Court of Pennsylvania. *See Commonwealth v. Postie*, No. 1089 EDA 2014 (Pa. Super. Ct.); *Commonwealth v. Postie*, No. CP-13-CR-0000168-2012 (Carbon County C.C.P.); *Commonwealth v. Postie*, No. MJ-56301-CR-0000348-2011 (Carbon County Magis. Dist. Ct.).

On January 10, 2012, a criminal complaint was filed in Northumberland County, charging Postie with misdemeanor retail theft. Postie was arrested and taken into custody on February 20, 2012. He was arraigned and held in custody on this charge for nine days because he was unable to post bail. On February 28, 2012, a magisterial district judge modified Postie's bail conditions to permit him to be released on unsecured bail. Postie entered a guilty plea on July 2, 2012, and he was sentenced on September 24, 2012, to a term of 9 days (time served) to 12 months in prison. Postie did not appeal his conviction and sentence in this case. *See Commonwealth v. Postie*, No. CP-49-CR-0000218-2012 (Northumberland County C.C.P.); *Commonwealth v. Postie*, No. MJ-08303-CR-0000009-2012 (Northumberland County Magis. Dist. Ct.).

On March 6, 2012, two related criminal complaints were filed in Carbon County, charging Postie with several counts of burglary and related offenses, committed within the neighboring municipalities of Summit Hill Borough and Nesquehoning Borough. Postie was arraigned on March 8, 2012, and held in custody on these charges because he was unable to post bail. On July 15, 2014, the state court denied a defense motion to dismiss these cases pursuant to 18 Pa. C.S.A. § 110. Postie appealed this decision to the Superior Court of Pennsylvania, where the case remains pending. *See Commonwealth v. Postie*, No. 2442 EDA 2014 (Pa. Super. Ct.); *Commonwealth v. Postie*, No. CP-13-CR-0000340-2012 (Carbon County C.C.P.) (Nesquehoning charges); *Commonwealth v. Postie*, No. CP-13-CR-0000343-2012 (Carbon County C.C.P.) (Summit Hill charges); *Commonwealth v. Postie*, No. MJ-56303-CR-0000057-2012 (Carbon County Magis. Dist. Ct.) (Nesquehoning charges); *Commonwealth v. Postie*, No. MJ-56303-CR-0000054-2012 (Carbon County Magis. Dist. Ct.) (Summit Hill charges).

On March 27, 2012, a criminal complaint was filed in Northampton County, charging Postie with burglary and related offenses, committed within the municipality of Lehigh Township. Postie was arraigned on April 4, 2012, and held in custody on these charges because he was unable to post bail. On September 27, 2012, Postie pleaded guilty and was sentenced to a term of 14 to 30 months in prison. Postie did not appeal his conviction and sentence in this case. *See Commonwealth v. Postie*, No. CP-48-CR-0002304-2012 (Northampton County C.C.P.); *Commonwealth v. Postie*, No. MJ-03301-CR-0000062-2012 (Northampton County Magis. Dist. Ct.).

On May 10, 2012, a criminal complaint was filed in Schuylkill County, charging Postie with several counts of burglary and related offenses, committed in Rush Township.

Postie was arraigned on May 30, 2014, and held in custody on these charges because he was unable to post bail. A jury trial on August 27, 2013, resulted in a mistrial, with judgment of acquittal entered with respect to certain charges against Postie. A second jury trial on October 29, 2013, resulted in a guilty verdict. On December 6, 2013, Postie was sentenced to an aggregate term of 46 to 132 months in prison. An appeal from this conviction and sentence is currently pending before the Superior Court of Pennsylvania. *See Commonwealth v. Postie*, No. 17 MDA 2014 (Pa. Super. Ct.); *Commonwealth v. Postie*, No. CP-54-0001119-2012 (Schuylkill County C.C.P.); *Commonwealth v. Postie*, No. MJ-21306-CR-0000151-2012 (Schuylkill County Magis. Dist. Ct.).[2]

Based on these facts, it is clear that, notwithstanding dismissal of the fuel-oil theft charges against Postie, he was lawfully incarcerated at all times following his initial arrest on February 20, 2012. On that date, he began serving a twelve-month prison sentence imposed by the Northumberland County Court of Common Pleas. *See Commonwealth v. Postie*, No. CP-49-CR-0000218-2012 (Northumberland County C.C.P.). Although he had

---

[2] The underlying criminal complaint and supporting affidavit of probable cause, submitted by the Defendants as an attachment to their motion papers, provides some additional detail regarding these charges. (Doc. 16-1, at 2–8). Contrary to the Defendants' contention in their briefs, these charges appear to be unrelated to the fuel-oil theft charges against Postie. The probable cause affidavit describes a series of incidents in which Postie and two other individuals, Stephanie Keck and Kerry Frank, broke into several unoccupied Rush Township homes during December 2011 and January 2012, stealing copper piping, copper wiring, other metal fixtures, and a variety of personal items. (Doc. 16-1, at 7–8). When interviewed, all three individuals admitted to the burglaries and subsequently provided written statements admitting their involvement in these burglaries and others committed in neighboring Carbon County. (Doc. 16-1, at 8). Although much of the stolen material was sold as scrap metal, "numerous stolen items" were recovered at the three defendants' residences and the residences of their friends. (Doc. 16-1, at 8). Despite sharing the same principal defendant and occurring within the same municipality, the two crime sprees involved different time periods, different targeted victims (a business versus unoccupied residences), different and apparently unrelated accomplices (Jones versus Keck and Frank), and altogether different *modus operandi*.

already served the minimum term of nine days, there is nothing to indicate that he had been paroled or otherwise released from serving the remainder of his sentence of confinement. Moreover, on March 1, 2012, the date when Postie's allegedly unlawful detention commenced, he was in the midst of serving a three- to six-month sentence for driving on a suspended license imposed by the Schuylkill County Court of Common Pleas, which had commenced on February 28, 2012. *See Commonwealth v. Postie*, No. CP-54-CR-0000939-2011 (Schuylkill County C.C.P.). During the relevant time period, he was also subject to pretrial detention in connection with several other criminal proceedings. *See Commonwealth v. Postie*, No. CP-39-CR-0004173-2011 (Lehigh County C.C.P.) (bail revoked and bench warrant issued on February 15, 2012); *Commonwealth v. Postie*, No. CP-13-CR-0000168-2012 (Carbon County C.C.P.) (bail revoked and bench warrant issued on February 15, 2012); *Commonwealth v. Postie*, No. CP-13-CR-0000340-2012 (Carbon County C.C.P.) (commencing upon arraignment on March 8, 2014); *Commonwealth v. Postie*, No. CP-13-CR-0000343-2012 (Carbon County C.C.P.) (commencing upon arraignment on March 8, 2014); *Commonwealth v. Postie*, No. CP-48-CR-0002304-2012 (Northampton County C.C.P.) (commencing upon arraignment on April 4, 2012); *Commonwealth v. Postie*, No. CP-54-0001119-2012 (Schuylkill County C.C.P.) (commencing upon arraignment on May 30, 2012).

Thus, in the absence of prior invalidation of his myriad other convictions and sentences, Postie's claim for relief with respect to his allegedly unlawful incarceration between March 1, 2012, and July 24, 2012, is barred by *Heck*'s favorable termination rule. Accordingly, it is recommended that Count I against Officers Frederick and Sinton be dismissed for failure to state a claim.

B.  DEPRIVATION OF PROPERTY CLAIM

In Count IX, Postie asserts a federal civil rights claim under 42 U.S.C. § 1983 against Officer Frederick, Officer Sinton, Officer Corey Herring, and Officer Carl Bachart alleging that they violated his Fourteenth Amendment due process rights by executing an allegedly facially defective search warrant and removing "more than 450 items" from his residence, which have not been returned to him despite dismissal of criminal charges against him. (Doc. 1-1, at 2). The Defendants contend that this claim is barred by the favorable termination rule articulated by the Supreme Court of the United States in *Heck v. Humphrey*, 512 U.S. 477 (1994).

The allegedly unlawful search at issue occurred on February 21, 2012. As noted above, Postie was incarcerated at that time. *Cf. Sanders v. Downs*, 420 Fed. App'x 175, 179 (3d Cir. 2011) (per curiam). As a result of the search, the defendant police officers allegedly removed "more than 450 items" from Postie's residence. (Doc. 1-1, at 2). The fruits of the search apparently included "numerous stolen items." (Doc. 16-1, at 8). But on the record before the Court — which does not include the search warrant itself, nor anything more that the most cursory description of the items removed from Postie's home — it is not at all clear that the search itself was unreasonable, nor that any of these items recovered in the search were introduced at Postie's criminal trial in Schuylkill County, that any might be introduced in a future trial in the still-pending Carbon County proceedings, or that the items might not be admissible in any event by operation of doctrines like independent source, inevitable discovery, or harmless error, and thus it cannot be said that this claim, even if successful, would *necessarily* imply the invalidity of Postie's various convictions and sentences. *See Heck*, 512 U.S. at 487 n.7. Thus, it is not barred by *Heck*'s favorable termination rule.

Moreover, the gravamen of Count IX is not that the defendant police officers violated Postie's Fourth Amendment rights with an unreasonable search and seizure, but rather that his Fourteenth Amendment due process rights have been violated by the state's subsequent refusal to return the items to him or otherwise compensate him for their loss. "When a plaintiff 'seek[s] return of property lawfully seized but no longer needed for police investigation or criminal prosecution' from a state or local entity, his claim is properly advanced under the Due Process Clause of the Fourteenth Amendment." *Kauffman v. Pa. Soc. for the Prevention of Cruelty to Animals*, 766 F. Supp. 2d 555, 571 (E.D. Pa. 2011).

It is clear from the facts alleged in the complaint and ascertained from publicly available court records, however, that the seizure of these items from Postie's home and the state's refusal to return them at this point, did not deprive Postie of property without due process of law. *See* U.S. Const. Amend. XIV, § 1. "[I]n challenging a property deprivation, the claimant must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate. When adequate remedies are provided and followed, no . . . deprivation of property without due process can result." *Hudson v. Palmer*, 468 U.S. 517, 539 (1984). As recently summarized by our sister court in a case raising the same issue:

> The Due Process Clause raises no impenetrable barrier to the taking of a person's possessions. Instead, it merely requires that state-occasioned deprivations of liberty and property interests be effectuated in accordance with "due process of law." Under Pennsylvania Rule of Criminal Procedure 588(A), "[a] person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of [his or her] property on the ground that he or she is entitled to lawful possession thereof." The existence of this remedy provides an aggrieved individual with the "due process" to which he or she is constitutionally entitled.

> *Ickes v. Grassmeyer*, __ F. Supp. 2d ___, 2014 WL 2993778, at *13 (W.D. Pa. July 2, 2014) (citations and internal quotation marks omitted).

"Courts have consistently held that Pennsylvania Rule of Criminal Procedure 588 provides

an adequate post-deprivation remedy." *Guarrasi v. County of Bucks*, No. 10-1879, 2011 WL 1226118, at *9 (E.D. Pa. Mar. 29, 2011) (collecting cases).

In this case, Postie has expressly acknowledged that he availed himself of the remedy provided by Rule 588. Indeed, his only complaint appears to be that his Rule 588 request was denied by the state court. On June 8, 2012, Postie filed a Motion for Return of Property Pursuant to Unlawful Warrant and Application in the Court of Common Pleas for Schuylkill County. *See Postie v. Commonwealth*, No. CP-54-MD-0000640-2012 (Schuylkill County C.C.P.). An order to show cause was issued on June 15, 2012, and the Schuylkill County District Attorney's Office responded on June 29, 2012. *See Postie v. Commonwealth*, No. CP-54-MD-0000640-2012 (Schuylkill County C.C.P.). Postie's motion was denied and dismissed as premature on July 13, 2012. (Doc. 19, at 24). *See also Postie v. Commonwealth*, No. CP-54-MD-0000640-2012 (Schuylkill County C.C.P.). This is not a surprise, inasmuch as criminal proceedings against Postie remain ongoing in several counties, and the items recovered reportedly include stolen property that may be used as evidence against him in those proceedings. In any event, given the presence of this adequate state legal remedy and Postie's having availed himself of it, his due process claim necessarily fails. *See McKenna v. Portman*, 538 Fed. App'x 221, 225 (3d Cir. 2013); *Black v. City of Harrisburg*, No. 1:14-CV-965, 2014 WL 3943838, at *9 (M.D. Pa. May 30, 2014).

Accordingly, it is recommended that Count IX against Officers Frederick, Sinton, Herring, and Bachart be dismissed for failure to state a claim.

### C. MUNICIPAL LIABILITY CLAIM

In Count VII, Postie asserts a federal civil rights claim under 42 U.S.C. § 1983 against Rush Township, alleging that this municipal defendant is vicariously liable with

respect to his two other federal civil rights causes of action (Counts I and IX) because the allegedly unlawful actions of the four defendant police officers were taken pursuant to unspecified "official policies or practices" of the municipality. (Doc. 1, at 11).

"On its face, § 1983 makes liable 'every person' who deprives another of civil rights under color of state law." *Burns v. Reid*, 500 U.S. 478, 497 (1991) (Scalia, J., concurring in part and dissenting in part). In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court of the United States established that municipalities and other local governmental units are included among those "persons" subject to liability under § 1983. *Monell*, 436 U.S. at 690. A municipality can be liable under § 1983 only if the conduct alleged to be unconstitutional either "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Monell*, 436 U.S. at 690–91. Thus, to state a § 1983 claim against a municipality, a plaintiff must allege a constitutional injury that was caused when the municipality took action pursuant to a custom or policy. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992); *see also Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984) ("A plaintiff must identify the challenged policy, attribute it to the [municipality] itself, and show a causal link between execution of the policy and the injury suffered."). But regardless of any policy or practice it may have adopted, municipal liability under *Monell* requires an underlying constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Williams v. Borough of West Chester*, 891 F.2d 458, 467 (3d Cir. 1989).

The complaint fails to identify any policy or custom adopted by Rush Township that

caused his injury. More significantly, however, for the reasons stated above with respect to the individual defendant police officers, the complaint fails to allege a constitutional injury. Accordingly, it is recommended that Counts I, VII, and IX against Rush Township be dismissed for failure to state a claim.

### D. State Law Claims

Postie has also asserted a variety of state law claims against Officers Frederick and Sinton for false arrest (Count II), false imprisonment (Count III), assault and battery (Count IV), malicious prosecution (Count V), abuse of process (Count VI), and failure to intervene (Count VIII). Where a district court has dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Whether the Court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that these remaining claims properly belong in state court. *Cohill*, 484 U.S. at 350. Finding nothing in the record to distinguish this case from the ordinary one, the balance of factors in this case "point[s] toward declining to exercise jurisdiction over the remaining state law claims." *See Cohill*, 484 U.S. at 350 n.7. Therefore, it is recommended that the Plaintiff's state law claims (Counts II, III, IV, V, VI, and VIII) be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### E. Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for

failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). In this case, Postie's federal claims regarding unlawful incarceration are clearly barred by the favorable termination rule articulated in *Heck v. Humphrey*, and his federal claims regarding deprivation of property without due process are clearly meritless. Given the multiplicity of state criminal proceedings against him and the absence of any reasonable prospect that they will be completed within the reasonably near future — much less resolved in his favor — allowing Postie leave to amend his pleadings would be futile.

## III.   **PLRA "THREE STRIKES" WARNING**

The Plaintiff is hereby notified that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

> 28 U.S.C. § 1915(g).

If this recommended disposition is adopted by the presiding United States District Judge, the dismissal of this action for failure to state a claim pursuant to Rule 12(b)(6) will constitute a "strike" under 28 U.S.C. § 1915(g), and the accumulation of additional strikes may bar the Plaintiff from proceeding *in forma pauperis* in later cases absent a showing of imminent danger. *See generally Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013) (articulating Third Circuit standard for application of § 1915(g) "three strikes" rule); *see also Woodruff v. Wyoming*, 49 Fed. App'x 199, 203 (10th Cir. 2002) (non-prison condition litigation); *Alston v. Fed. Bureau of Investigation*, 747 F. Supp. 2d 28, 32 (D.D.C. 2010) (*Heck* rule); *Galloway v.*

*Pennsylvania*, Civil Action No. 13-960, 2013 WL 5231412, at *3 n.3 (W.D. Pa. Sept. 17, 2013) (refusal to exercise supplemental jurisdiction over state law claims).

## IV.   RECOMMENDATION

Based on the foregoing, it is recommended that:

1. The motion to dismiss (Doc. 15) be **GRANTED**;

2. The complaint (Doc. 1; Doc. 1-1) be **DISMISSED WITH PREJUDICE** with respect to all federal law claims pursuant to Fed. R. Civ. P. 12(b)(6);

3. The complaint (Doc. 1; Doc. 1-1) be **DISMISSED WITHOUT PREJUDICE** with respect to all state law claims pursuant to 28 U.S.C. § 1367(c)(3); and

4. The Clerk be directed to **CLOSE** this case.

**BY THE COURT:**

Dated: December 15, 2014                    *s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

FREDERICK A. POSTIE,

                Plaintiff,

     v.

SERGEANT DUANE FREDERICK, et al.,

                Defendants.

CIVIL ACTION NO. 3:14-CV-00317

(MANNION, J.)
(MEHALCHICK, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 15, 2014**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: December 15, 2014**

                *s/ Karoline Mehalchick*

                **KAROLINE MEHALCHICK**
                **United States Magistrate Judge**