# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK A. POSTIE,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:14-00317** |
| | : | |
| **v.** | : | |
| | : | **(MANNION, D.J.)** |
| | | **(MEHALCHICK, M.J.)** |
| **SGT. DUANE FREDERICK, *et al.,*** | : | |
| | : | |
| **Defendants** | : | |

# M E M O R A N D U M

Before the court is the December 15, 2014 report and recommendation of Judge Mehalchick, (Doc. 22), recommending that defendants' motion to dismiss, (Doc. 15), be granted and plaintiff's *pro se* civil rights complaint, (Doc. 1), be dismissed with prejudice regarding all federal claims for failure to state a claim and since they are *Heck* barred. Judge Mehalchick finds that it would be futile to allow plaintiff to amend his complaint. Judge Mehalchick also recommends that the court decline to exercise supplemental jurisdiction over the plaintiff's state law tort claims and that these claims be dismissed without prejudice. The plaintiff filed objections to the report and recommendation, (Doc. 23), which have been briefed.

For the following reasons, the court will adopt, in part, the report and recommendation and will sustain the plaintiff's objections regarding the determination that *Heck* precludes his constitutional claims. Therefore, the defendants' motion to dismiss will be granted, in part, and denied, in part.

## I.    BACKGROUND[1]

On February 21, 2014, the plaintiff, Frederick A. Postie, formerly an inmate at SCI-Frackville, and currently an inmate at SCI-Mercer, filed this civil rights action under 42 U.S.C. §1983, with an exhibit construed as part of his complaint. (Doc. 1; Doc. 1-1). He asserts several constitutional claims under the Fourth, Fifth and Fourteenth Amendments as well as state law tort claims. He also filed a motion to proceed *in forma pauperis*. (Doc. 2). After his motion was granted, his complaint was served on the defendants, namely, sergeant Duane Frederick, officer Adam Sinton, Jr., officer Corey Herring, officer Carl Bachart, and Rush Township, Schuylkill County, Pennsylvania. Defendants Frederick, Sinton, Herring and Bachart were police officers with the Rush Township Police Department during the relevant times. The plaintiff sues these four defendants in both their individual and official capacities.

The defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6), on June 20, 2014. (Doc. 15). After the motion was briefed, Judge Mehalchick

---

[1]Since the report and recommendation thoroughly details the lengthy background of plaintiff's state criminal history and his instant §1983 civil rights claims, (Doc. 22, at 6-12), that is largely based on state court records of which the court takes judicial notice, and since plaintiff's claims implicate his underlying criminal cases, the court does not fully repeat the background herein. *See* Fed.R.Evid. 201; Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n. 2 (3d Cir. 1994) (In considering a motion to dismiss under Rule 12(b)(6), the court "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case.") (citations omitted). The court will limit its discussion of the background as it pertains to the specific objections which plaintiff filed.

filed a report and recommendation, (Doc. 22), recommending that defendants' motion to dismiss be granted and plaintiff's complaint be dismissed with prejudice regarding all federal claims since they were *Heck* barred. On January 5, 2015, the plaintiff filed objections, (Doc. 23), which have been briefed, (Doc. 24; Doc. 27). Thus, bringing this case to the current posture.

## II.   STANDARDS OF REVIEW

### *A. Report and Recommendation*

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)

3

(explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

### B. Motion to Dismiss Standard

The defendant's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the

4

grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. See Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213

F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

## III.    DISCUSSION

Initially, the defendants point out, (Doc. 24, at 1), that the plaintiff did not object to Judge Mehalchick's recommendations that his Fourteenth Amendment due process claim against all of the defendants regarding the execution of an allegedly defective search warrant and seizure of over 450 items from his residence (Ninth Cause of Action) and his municipal liability claim against Rush Township under *Monell* (Seventh Cause of Action) be dismissed. In fact, the plaintiff states in his reply brief supporting his objections, (Doc. 27, at 1), that the gravamen of his objections is the application of the *Heck* favorable termination rule to his false arrest and false imprisonment claims.

As mentioned, to the extent that no objections are raised regarding a portion of a report and recommendation, the court should nonetheless ensure that "there is no clear error on the face of the record" before accepting the recommendation. Regarding his Fourteenth Amendment claim, the plaintiff alleges that after his property was taken without due process or just compensation, in May of 2013, a Schuylkill County Court judge found the search warrant to be deficient and the search to be unlawful. The plaintiff also

6

avers that his seized property, which was not considered contraband and unlawful to possess, was not returned to him. (Doc. 1-1, at 3-4). Judge Mehalchick disagreed with the defendants that this claim was *Heck* barred. (Doc. 22, at 13). However, she found that since the plaintiff's Fourteenth Amendment claim involved his due process rights and the defendants' alleged refusal to return his seized property to him or to pay him for it, and since the state law provided adequate remedies for the plaintiff to seek the return of his property, of which remedies he availed himself, the defendants did not deprive him of his property without due process of law. The court finds Judge Mehalchick's discussion of the plaintiff's due process claim, (Doc. 22, at 14-15), to be correct. As she indicated, plaintiff had adequate state court remedies to seek the return of his property seized from his residence and he filed a motion for return of his property with the Schuylkill County Court. *See* Guarrasi v. County of Bucks, 2011 WL 1226118, \*9 (E.D. Pa. 3-29-11) ("The Supreme Court has stated that random, unauthorized deprivations of property by state officials, whether intentional or negligent, do not violate due process if there is an adequate state post-deprivation remedy.") (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parrat v. Taylor*, 451 U.S. 527, 537-43 (1981). Further, as the *Guarrasi* Court stated, "[c]ourts have consistently held that Pennsylvania Rule of Criminal Procedure 588 provides an adequate post-deprivation remedy." Id.

As such, the court will adopt the recommendation, (Doc. 22, at 15), that

the plaintiff's Fourteenth Amendment due process claim against all of the defendants, Ninth Cause of Action, (Doc. 1-1), be dismissed with prejudice for failure to state a claim.

Insofar as the plaintiff also claims that his due process rights under the Fifth Amendment were violated, (Doc. 1, at 4-5, 8), the court finds that these claims are subject to dismissal. The plaintiff has no Fifth Amendment claim since there is no alleged involvement by a federal actor. *See Leventry v. Watts,* 2007 WL 1469038, \*2 (W.D. Pa. May, 17, 2007); *Hammond v. City of Wilkes-Barre*, 2012 WL 3542277, \*4 (M.D.Pa. Aug. 14, 2012) (due process claim under Fifth Amendment only applies to federal actors) (citing *Caldwell v. Beard*, 324 F.Appx 186, 189 (3d Cir. 2009)). Thus, the plaintiff's Fifth Amendment due process claims will be dismissed with prejudice. The court finds futility in allowing plaintiff leave to amend his Fifth Amendment claims since there is no federal actor defendant. *See Grayson v. Mayview State Hosp*., 293 F.3d 103, 114 (3d Cir. 2002) (*pro se* Complaints should not be dismissed without leave to amend unless "amendment would be inequitable or futile").

Next, Judge Mehalchick's finding, (Doc. 22, at 15-17), that plaintiff's municipal liability claim against Rush Township under *Monell* (Seventh Cause of Action) as well as his other claims against the Township, First and Ninth Causes of Action, should be dismissed is not specifically addressed in the plaintiff's objections. In his Seventh claim, the plaintiff simply avers: "39) At all

times relevant hereto, defendants were acting or failing to act, pursuant to the official policies or practices of the defendant Rush Township." (Doc.1, at 11).

In order to impose civil liability upon any person under §1983, the plaintiff must demonstrate that the defendant "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Harvey v. Plains Twp. Police Dept., 635 F.3d 606, 609 (3d. Cir. 2011) (quoting Abbott v. Latshaw, 164 F.3d 141, 146 (3d. Cir. 1998)). Since plaintiff names Rush Township as one of his defendants, he must properly state a claim of municipal liability under *Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The defendant Rush Township is a municipal agency and the standards annunciated in *Monell* apply to it. *See Malles v. Lehigh County*, 639 F.Supp.2d 566 (E.D. Pa. 2009). The defendant Township cannot be held liable for the conduct of persons it supervises pursuant to *respondeat superior. Brickell v. Clinton County Prison Bd.*, 658 F.Supp. 2d 621, 626-27 (M.D. Pa. 2009). In order for plaintiff to successfully allege a constitutional claim under §1983 against defendant Township, he must raise a *Monell* claim alleging that the Township is a governmental entity and thus a "person" under §1983 and, alleging that either a policy or lack of policy of the Township led to the violation of his constitutional rights. *See Monell v. New York Dept. of Social Servs*., *supra*; *Kokinda v. Breiner*, 557 F. Supp. 2d 581, 587 (M.D. Pa. 2008). Thus, defendant Township "[is] subject to liability [in a §1983 action]

9

to the extent [it] maintain[ed] an unconstitutional custom or policy that caused
the alleged constitutional violation." *Id.* (citation omitted).

As Judge Mehalchick correctly concludes "[t]he complaint fails to
identify any policy or custom adopted by Rush Township that caused
[plaintiff's] injury." (Doc. 22, at 16-17). Therefore, she recommends that the
plaintiff's First, Seventh and Ninth Causes of Action against the Township be
dismissed for failing to state a viable claim. The court agrees with Judge
Mehalchick that plaintiff has not stated a cognizable claim against Rush
Township under *Monell*. Also, as discussed above, the plaintiff's Ninth Cause
of Action fails to state a claim against any defendant. As such, the court will
dismiss the plaintiff's First, Seventh and Ninth Causes of Action against Rush
Township.

Further, Judge Mehalchick  recognizes that if the plaintiff fails to state
a violation of his constitutional rights by the individual defendants employed
by Rush Township, he cannot maintain a *Monell* claim against the Township
itself. Thus, the plaintiff's municipal liability claim against defendant Rush
Township under *Monell* is subject to dismissal if the plaintiff fails to state a
cognizable constitutional claim against any individual defendant associated
with the Township. *See* Deninno v. Municipality of Penn Hills, 269 Fed.Appx.
153, 158 (3d Cir. 2008) ("Even more fundamentally, there can be no municipal
liability here because we have determined that none of the individual
Defendants violated the Constitution."). However, as discussed below, the

10

court finds that the plaintiff's constitutional claims against defendants Frederick and Sinton are not *Heck* barred and will be permitted to proceed at this stage of the case. As such, the court will allow the plaintiff the opportunity to amend his complaint with respect to his claims against Rush Township.

The plaintiff's objections pertain to Judge Mehalchick's finding that his Fourth and Fourteenth Amendment unlawful incarceration claims under §1983 in his First Cause of Action were barred by *Heck*.[2] The plaintiff also references claims of malicious prosecution, false arrest and false imprisonment in his First Cause of Action, (Doc. 1, at 8), and he raises separate claims of malicious prosecution, false arrest and false imprisonment seemingly under §1983 in his Second, Third and Fifth Causes of Action. These claims relate to the time period commencing on March 1, 2012, when the plaintiff was allegedly released from Carbon County Prison "to the streets" without a detainer after he had a bench warrant hearing in criminal case CP-

---

[2]Judge Mehalchick found that only the plaintiff's unlawful incarceration claims (First Cause of Action) were under §1983 and that his false arrest, false imprisonment and malicious prosecution claims (Second, Third and Fifth Causes of Action) were state law claims. In liberally construing the *pro se* prisoner's complaint as required, *see* Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011) (citation omitted), it is not clear to the court if his malicious prosecution, false arrest and false imprisonment claims are under §1983 or intended solely to be state law claims. (*See* Doc. 27, at 2-3). Thus, the court will construe all of these claims as being under §1983 for present purposes. In any event, the analysis as to the application of *Heck* is not affected regardless of whether these claims are under §1983 or state law. Further, the plaintiff will be afforded an opportunity to clarify his pleading on this point.

13-CR-0000168-2012 and his bail was reinstated. The plaintiff states that after he was released from Carbon County Prison without a detainer, defendant Sinton arrested him "not on an outstanding bench warrant which [Judge] Mehalchick stated was pending against [him] in Lehigh County C.C.P. [Court of Common Pleas] (CP-39-CR-0004173-2011), but rather on an arrest warrant maliciously authored by defendant Frederick." (Doc. 23, at 2). The plaintiff states that even if Lehigh County had an active bench warrant against him, he was not detained on this warrant when he was released from Carbon County Prison on March 1, 2012, and then immediately arrested by defendant Sinton and other Rush Township police officers pursuant to an arrest warrant executed by defendant Frederick "charging [him] with a factitious crime, with full knowledge that the facts sworn to in the affidavit were wholly false." The plaintiff was then handcuffed and shackled, and transported in a police car to Schuylkill County Prison. (Doc.1, at 4-5). The plaintiff alleges that he was arraigned at the prison and then confined in the prison since he could not post the $50,000 cash bail. The plaintiff alleges that he was illegally confined in Schuylkill County Prison after his unlawful arrest and that he then remained there until March 8, 2012, when he was transported and arraigned in Carbon County on other criminal cases, Nos. CP-13-CR-000340 and CP-13-CR-000343-2012. The plaintiff states that he was not able to post the bail in these other cases and was remanded to Carbon County Prison. Thus, the relevant time period pertaining to the plaintiff's malicious prosecution, false arrest and

12

false imprisonment claims is March 1, 2012, through March 8, 2012. Also, the only two individual defendants personally involved with these claims are Sinton and Frederick. It is well settled that a plaintiff in a §1983 civil rights action must show that each defendant was personally involved with the alleged violation of his constitutional rights. *See* Sutton v. Rasheed, 323 F.3d 236, 249-250 (3d Cir. 2003). The plaintiff also alleges that: "28) At all times relevant hereto, Officer Frederick and Officer Sinton acted pursuant to the official policies and practices of Rush Township, where township officials are vested with policy making authority by the township with respect to the conduct of the police department therein." (Doc. 1, at 7). As such, the plaintiff also implicates the involvement of defendant Rush Township under *Monell*.

In his complaint, the plaintiff then alleges after his unlawful arrest on March 1, 2012, and illegal confinement in prison based on the criminal complaint defendant Frederick filed against him the following events occurred: "12) On May 10, 2012, [Magisterial] District Justice Bayer dismissed said charges [filed against him by defendant Frederick at a preliminary hearing] due to the Commonwealth not being prepared or able to present any evidence to make a *prima facie* showing of Postie's guilt or even that a crime occurred. 13) That same day Officer Frederick filed another warrant affidavit, further holding Postie imprisoned with substantially the same claim and based on the same false information and lies Officer Frederick averred to in the warrant issued March 1, 2012. 14) Postie was again arraigned, but not until [M]ay 30,

13

2012, and continued committed [in prison] in lieu of $25,000.00 cash bail. 15) On July 24, 2012, District Justice Bayer dismissed said charges again due to the Commonwealth being unprepared and having no evidence to present and was admonished by the court and instructed that it would not entertain the re-filing of the charges within the district." (Doc. 1, at 5). Thus, the plaintiff alleges that he received a favorable termination regarding the charges defendant Frederick filed against him and his arrest by defendant Sinton.

The plaintiff argues that since he was not subject to any valid criminal charges or any valid sentence when he was detained and confined in Schuylkill County Prison by defendants Sinton and Frederick during the relevant time period, *Heck* does not apply to his malicious prosecution, false arrest and false imprisonment claims. The plaintiff does not dispute that Judge Mehalchick correctly found that after defendant Frederick filed the charges against him, the Schuylkill County Court amended its sentencing order on March 13, 2012, in an earlier case in which he was convicted of the charges, No. CP-54-CR-0000939-2011, and that his effective date of this prison sentence was changed from March 20, 2012, to February 28, 2012, and that he was then given credit for the time he served in prison from March 1 through March 8, 2012, *i.e.,* the relevant time of the instant case. (Doc. 23, at 2). Judge Mehalchick specifically stated that in case No. CP-54-CR-0000939-2011, the plaintiff pleaded guilty on February 16, 2012, and was sentenced to a prison term of three to six months and that on March 13, 2012,

14

the court amended the effective date of his prison sentence to begin on February 28, 2012. There is no dispute that the plaintiff did not appeal his conviction and sentence in case No. CP-54-CR-0000939-2011. (Doc. 22, at 8). Nor is there any dispute that the plaintiff was given credit for the time he served in prison from March 1 through March 8, 2012.

However, the plaintiff contends that Judge Mehalchick erroneously concluded that at the time of his arrest on March 1, 2012, by defendant Sinton based on the charges filed against him by defendant Frederick and his subsequent confinement in Schuylkill County Prison, which arrest and confinement formed the basis of his stated constitutional claims in this case, he was not serving any lawful sentence imposed by any court. (Doc. 23, at 2). The plaintiff also contends that Judge Mehalchick, (Doc. 11, at 11), erroneously concluded that on February 20, 2012, he began serving a 12-month prison sentence imposed by the Northumberland County Court, case No. CP-49-CR-0000218, since he states that he was arrested in this case on February 20, 2012, and held for only eight days and then released after a bond hearing on February 28, 2012. The plaintiff states that on February 28, 2012, he was then transferred to Carbon County Prison pending a bench warrant in case No. CP-13-CR-0000168-2012. However, as discussed above, he indicates that on March 1, 2012, he was released from custody "to the streets" without any Lehigh County detainer after a bench warrant hearing in case No. CP-13-CR-0000168-2012 and his bail was reinstated. The plaintiff

then states that immediately after his release, defendant Sinton arrested him on the charges filed against him by defendant Frederick on this same day.

As such, the plaintiff maintains that *Heck* is not implicated in his case since his constitutional claims do not challenge the validity of any conviction or sentence in any county court which has not yet been overturned on direct or collateral appeal. The plaintiff reiterates that his stated constitutional claims only challenge his March 1, 2012 arrest by defendant Sinton on the charges defendant Frederick filed against him and his subsequent confinement on these charges in Schuylkill County Prison until March 8, 2012. The plaintiff also states that he meets one central element of his constitutional claims since the charges defendant Frederick filed against were terminated in his favor when they were dismissed on two occasions. While the time the plaintiff was confined in Schulykill County Prison from March 1 through March 8, 2012, was later credited to his prison sentence in a different Schulykill County case (No. CP-54-CR-0000939-2011) when his original sentence commencement date was changed on March 13, 2012, from March 20, 2012 to February 28, 2012, the question remains as to whether *Heck* applies to the plaintiff's federal claims regarding the dismissed charges defendant Frederick filed against him and to the 8-day period of alleged unlawful imprisonment since this time of confinement was later rendered lawful by the amended sentencing order in case No. CP-54-CR-0000939-2011. The defendants point out that "Postie would have still had to serve eight days incarcerated at the

16

back end of [his] sentence [in case No. CP-54-CR-0000939-2011]." (Doc. 24, at 2). As such, the defendants maintain "[t]o permit Postie to proceed with a claim for monetary damages after he has been credited with time served for the same period of time would condone an attack on the validity of the retroactive sentence [in case No. CP-54-CR-0000939-2011], in contravention of *Heck v. Humphrey*." (Id., at 2-3). The court disagrees with the defendants and finds that the plaintiff's federal claims are attacking the constitutionality of officers Frederick's and Sinton's conduct and their conduct allegedly did not result in a lawful conviction and sentence.

Notwithstanding the fact that this 8-day period of confinement later became part of a valid prison sentence in a separate and distinct case, No. CP-54-CR-0000939-2011, as stated, the plaintiff's present claims are challenging the conduct of defendants Frederick and Sinton and the validity of the underlying charges, allegedly based on known false information, which defendant Frederick filed against him on March 1, 2012, and which originally lead to his allegedly unlawful confinement. Thus, the plaintiff is not challenging the validity of the conviction and sentence in case No. CP-54-CR-0000939-2011, or the validity of any other sentence or conviction, even though the alleged unlawful time of confinement later became part of his sentence in case No. CP-54-CR-0000939-2011. As discussed, plaintiff alleges that he was not serving any sentence at the time of his arrest by defendant Sinton on March 1, 2012, regarding the charges defendant

17

Frederick filed against him, and he states that this is the conduct at issue in his instant constitutional claims. Therefore, the plaintiff maintains that the report and recommendation is both factually and legally incorrect.[3]

As mentioned, Judge Mehalchick found that the plaintiff's constitutional claims were barred under *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), until plaintiff can show that his several county convictions and sentences have been invalidated or overturned *via* state court appeals or a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. *See* Murphy v. Bloom, 443 Fed.Appx. 668, 669 (3d Cir. 2011); Rohn v. Horton, 508 Fed.Appx. at 172 (*Heck* "noted that if a successful §1983 claim would imply the invalidity of an outstanding criminal judgment dismissal is required"). The *Heck* favorable termination rule applies to §1983 civil rights actions. *Murphy v. Bloom*, 443 Fed.Appx. at 669 n. 2. Judge Mehalchick concluded that "on March 1, 2012, the date when Postie's allegedly unlawful detention commenced, he was in the midst of serving a three- to six-month sentence for driving on a suspended license imposed by the Schuylkill County Court of Common Pleas, which had commenced on February 28, 2012. *See Commonwealth v. Postie*, No. CP-54-CR-0000939-2011." (Doc. 22, at 12). The defendants also state in their brief opposing the plaintiff's objections that "the public records reveal that Postie was actually incarcerated during this [relevant] period of time on several

---

[3]The plaintiff's County Criminal Dockets for all of his case numbers can be found at http://ujsportal.pacourts.us.

unrelated matters." (Doc. 24, at 2). However, the docket in case No. CP-54-CR-0000939-2011 reveals that the plaintiff, while on bail, pleaded guilty and was sentenced to a prison term of three to six months on February 16, 2012,and he was to remain on bail until his sentence commencement date of March 20, 2012. As such, plaintiff did not immediately begin serving his prison sentence in this case on the date it was imposed, i.e., February 16, 2012. On March 13, 2012, upon motion of plaintiff's counsel, the court amended the effective date of plaintiff's prison sentence in this case to February 28, 2012. Thus, on March 1 through March 8, 2012, the plaintiff was not serving his sentence in case No. CP-54-CR-0000939-2011. The dockets in the plaintiff's criminal cases also show that initially from March 1, 2012 through March 8, 2012, the plaintiff was not serving any valid sentence in any case. The court does not agree with the defendants that if the plaintiff's present claims are allowed to proceed, "after he has been credited with time served for the same period of time would condone an attack on the validity of the restorative sentence, in contravention of *Heck v. Humphrey*." (Doc. 24, at 2-3). To the contrary, the plaintiff is challenging the conduct of defendants Frederick and Sinton which initially lead to his confinement during the relevant time, and he seeks damages for this allegedly unconstitutional conduct.

Additionally, in Northumberland County Court, case No. CP-49-CR-0000218, the docket shows that the plaintiff was arrested on February 20, 2012, that bail was originally set in the amount of $5,000 cash, that plaintiff

was confined in prison for eight days, and that the bail amount was changed to $5,000 unsecured on February 28, 2012, resulting in the posting of bail and in the release of the plaintiff from prison on this day. The plaintiff later pleaded guilty to retail theft in this case on July 2, 2012, and he was sentenced to nine days to 12 months on September 24, 2012, and he received credit for time served from February 20, 2012 through February 28, 2012.

Moreover, the docket indicates that in the plaintiff's Carbon County case No. CP-13-CR-0000168-2012, bail was originally set on November 11, 2011, in the amount of $4,000 cash and that plaintiff posted bail on November 14, 2011. On February 17, 2012, a bench warrant was issued since the plaintiff failed to appear for his preliminary hearing and arraignment scheduled for February 15 and 16, 2012, respectively. The plaintiff was arrested on the bench warrant and remanded to the Carbon County Prison on February 29, 2012, and he had a bench warrant hearing on March 1, 2012. The Carbon County Court issued an Order on March 1, 2012, and dismissed the bench warrant and reinstated the plaintiff's bail in the amount of $4,000 straight cash. The court also directed the plaintiff to appear for his March 29, 2012 pre-trial conference. Since the plaintiff had previously posted bail in the case, he was released from prison on March 1, 2012, regarding Carbon County case No. CP-13-CR-0000168-2012.

Thus, on March 1, 2012, the plaintiff is correct that he was released from custody "to the streets" without any Lehigh County detainer after a bench

20

warrant hearing in his Carbon County case No. CP-13-CR-0000168-2012 and his bail was reinstated. As plaintiff's county dockets reflect, the plaintiff was not serving any sentence in any of his criminal cases on March 1, 2012, when he alleges that defendant Sinton unlawfully arrested him on false charges defendant Frederick knowingly filed against him resulting in his 8-day confinement in prison since he was not able to post bail. (Doc. 22, at 6). Eventually, there is no dispute that these charges defendant Frederick filed against the plaintiff were dismissed with prejudice. (Id., at 6-7).

It is well-settled that "[t]o prove malicious prosecution ... a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor*;* (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Estate of Smith v. Marasco,* 318 F.3d 497, 521 (3d Cir. 2003); *Kossler v. Crisanti,* 564 F. 3d 181, 186 (3d Cir. 2009); *Piazza v. Lakkis*, 2012 WL 2007112, \*7 (M.D. Pa. June 5, 2012) (citation omitted). "[A] claim for malicious prosecution 'permits damages for confinement imposed pursuant to legal process.'" *Piazza v. Lakkis*, 2012 WL 2007112, \*8 (citations omitted). Further, "a claim for malicious prosecution seeks to remedy 'the deprivation of liberty accompanying prosecution, not prosecution itself.'" *Piazza v. Lakkis*, 2012 WL 2007112, \*8 (citations omitted). Thus, "a Plaintiff's claim for

21

malicious prosecution begins not with an arrest, which is not pursuant to legal process, but with the indictment." *Piazza v. Lakkis*, 2012 WL 2007112, \*8 (citations omitted).

A false arrest claim under §1983 also has an element requiring that the plaintiff show the criminal proceeding was initiated without probable cause. To succeed on a false arrest claim under §1983, the court in *Kokinda v. Breiner,* 557 F. Supp. 2d 581, 592 (2008 M.D. Pa.)*,* stated:

> A claim under §1983 for false arrest/false imprisonment is grounded in the Fourth Amendment guarantee against unreasonable seizures. *Garcia v. County of Bucks,* 155 F.Supp.2d 259, 265 (E.D.Pa.2001) (citing *Groman v. Twp. of Manalapan,* 47 F.3d 628, 636 (3d Cir.1995)). To maintain his false arrest claims, "a plaintiff must show that the arresting officer lacked probable cause to make the arrest." *Id.* "Probable cause exists when the totality of facts and circumstances are sufficient to warrant an ordinary prudent officer to believe that the party charged has committed an offense." *Id.*
>
> "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under §1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Twp. of Manalapan,* 47 F.3d 628, 636 (3d Cir.1995). However, unlike a malicious prosecution claim, for which each criminal charge is analyzed independently, a false arrest claim will fail if there was probable cause to arrest for at least one of the offenses involved. *Johnson,* 477 F.3d at 75; *see also Barna v. City of Perth Amboy,* 42 F.3d 809, 819 (3d Cir.1994) (holding that for an arrest to be justified, "[p]robable cause need only exist as to any offense that could be charged under the circumstances").

*See also Cummings v. City of Phila.*, 137 Fed. Appx. 504, 506 (3d Cir. 2005).

In order for Plaintiff to prevail on his malicious prosecution and false imprisonment claims under §1983, he must satisfy each of the above stated

elements. *Kossler v. Crisanti,* 564 F. 3d at 186. Since the charges filed against plaintiff by defendants Frederick and Sinton were dismissed, *Heck* does not bar the plaintiff's constitutional claims. As such, *Heck* is not implicated in this case. Thus, the plaintiff's remedy attacking his March 1, 2012 arrest and subsequent 8-day confinement in prison can be sought under §1983.

The defendants contend that even though the criminal complaints defendant Frederick filed against the plaintiff, No. 65-2012 re-filed at No. 151-2012, were both dismissed by the Magisterial District Court, defendant Frederick eventually filed new charges against the plaintiff in criminal complaint No. 151-2012 "for substantially similar criminal conduct" and this case resulted in a guilty verdict "demonstrat[ing] that there was probable [cause] for some of the charged offenses." (Doc. 24, at 3). The court finds that this argument is misplaced for present purposes in determining if the plaintiff's claims are *Heck* barred and is better suited at the summary judgment stage of this case addressing the merits of the plaintiff's §1983 claims with the filing of evidence to support this argument.

Since the court will allow the plaintiff's constitutional claims against defendants Frederick and Sinton under §1983 to proceed, it will exercise its supplemental jurisdiction over the plaintiff's state law tort claims. The court will also dismiss the plaintiff's claims against defendant Rush Township under *Monell* without prejudice. The plaintiff will also be afforded an opportunity to

23

clarify exactly which claims against defendants Frederick and Sinton are under §1983 or under state law. The plaintiff's due process claim under the Fourteenth Amendment will be dismissed with prejudice. All of the plaintiff's claims under the Fifth Amendment will be dismissed with prejudice. Defendants Bachart and Herring will be dismissed with prejudice since their personal involvement is only alleged with respect to the plaintiff's due process claim under the Fourteenth Amendment.

Finally, the plaintiff requests as relief, in part, for this court to issue a declaratory judgment to declare that all of the acts he alleges were committed by defendants Frederick and Sinton violated his constitutional rights. (Doc. 1, at 14). In *Blakeney v. Marsico*, 340 Fed.Appx. 778, 780 (3d Cir. 2009), the Third Circuit Court stated:

> To satisfy the standing and "case or controversy" requirements of Article III, a party seeking a declaratory judgment "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir.2003) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102-03, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). Here, Blakeney seeks a declaration merely that defendants' "acts" and "policies" violate the United States and Pennsylvania Constitutions. He does not allege that he will be subjected to that alleged conduct in the future. Moreover, even if defendants violated Blakeney's rights in the past as he alleges, he is not entitled to a declaration to that effect. *See Brown v. Fauver*, 819 F.2d 395, 399-400 (3d Cir.1987) (directing District Court to dismiss prisoner's Section 1983 claim for prospective relief where appellant "has done nothing more than allege past exposure to unconstitutional state action").

The plaintiff fails to allege that there is a substantial likelihood that he

will suffer injury in the future if the court does not issue declaratory judgment. In fact, as stated, the plaintiff was released from confinement on March 8, 2012, based on the allegedly false charges defendant Frederick filed against him and these charges were dismissed. Further, the plaintiff does not allege that there is a substantial likelihood that someday in the future he will be returned to Schuylkill County Prison on the same charges and that he will again be subject to the alleged unlawful conduct and suffer injury in the future. Also, as the Court in *Blakeney* stated, even if the defendants violated the plaintiff's rights in the past as plaintiff alleges in his complaint, he is not entitled to a declaration to that effect. *Id*. Therefore, because the plaintiff has not met the standards necessary for the court to issue declaratory judgment, the court will dismiss this request with prejudice, as it finds futility in allowing the plaintiff to amend his complaint with regards to this relief request. *See Blakeney, supra.*

## IV.    CONCLUSION

For the foregoing reasons, the court will adopt, in part, the report recommendation of Judge Mehalchick, (Doc. 22), and plaintiff's objection, (Doc. 23), will be sustained, in part, regarding the finding that *Heck* barred his constitutional claims against defendants Frederick and Sinton. The defendants' motion to dismiss, (Doc. 15), will be granted, in part, and denied, in part. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 17, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0317-01.wpd

26