UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK A. POSTIE,<br><br>               Plaintiff,<br><br>v.<br><br>SERGEANT DUANE FREDERICK, et al.,<br><br>               Defendants. | CIVIL ACTION NO. 3:14-CV-00317<br><br>( MANNION, D.J.)<br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

This is a *pro se* action for damages filed by Plaintiff Frederick Postie, an inmate currently incarcerated at the State Correctional Institution-Muncy ("SCI-Muncy") in Lycoming County, Pennsylvania.[1] An amended complaint was filed in this matter on June 8, 2015, asserting claims under state law and pursuant to 42 U.S.C. § 1983 against the three remaining Defendants: the municipality of Rush Township, located in Schuylkill County, Pennsylvania, and Rush Township police officers Duane Frederick and Adam Sinton. (Doc. 32). On June 30, 2015, the Defendants filed a motion to dismiss the amended complaint. (Doc. 35). For the reasons stated below, the motion is granted and the Court will dismiss Postie's amended complaint without prejudice.

**I.    MOTION TO DISMISS STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

---

[1] All Defendants named in Postie's initial complaint filed a joint motion to dismiss on June 20, 2014. (Doc. 15). The undersigned United States Magistrate Judge recommended that the motion to dismiss be granted. (Doc. 22). On March 17, 2015, the District Court granted the motion to dismiss in part and denied it in part, dismissing two Defendants from the case and several causes of action with prejudice, but allowing other claims to proceed and directing Postie to file an amended complaint. (Doc. 29).

12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). A plaintiff must provide some factual grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court of the United States held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. In deciding a Rule 12(b)(6) motion, the Court

may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that, a district court must permit a curative amendment if a complaint is vulnerable to dismissal for failure to state a claim, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**II.   DISCUSSION**

Postie brought this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, a plaintiff must establish that the defendants, acting under color of

state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

### A. FIFTH AND FOURTEENTH AMENDMENT CLAIMS

In his amended complaint, Postie alleges that his rights were violated under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. (Doc. 32, at 7). However, the District Court dismissed Postie's Fifth and Fourteenth Amendment claims with prejudice in ruling on Defendants' first motion to dismiss. (Doc. 29, at 2). Postie therefore is barred from reasserting these two causes of action under the "law of the case" doctrine. *See Arizona v. California*, 460 U.S. 605, 618 (1983) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."). Postie himself concedes as much in his brief in opposition to Defendants' motion to dismiss the amended complaint, noting that the remaining allegations in his amended complaint are "more properly analyzed in the context of a Fourth Amendment claim . . . ." (Doc. 39, at 4). Accordingly, the Court construes the amended complaint as asserting § 1983 claims solely under the Fourth Amendment.

### B. FOURTH AMENDMENT CLAIMS

Defendants next contend that Postie has failed to plead sufficient facts to state a valid Fourth Amendment claim. (Doc. 36, at 13). An amended complaint must be a pleading that stands by itself without reference to the original complaint. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

4

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Here, Postie does not plead specific facts with regard to any of the three remaining Defendants as is needed to push his civil rights claims over "the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557.

### 1. False Arrest Claim Against Sergeant Frederick

Postie alleges that Frederick fraudulently procured an arrest warrant by providing false information that was essential to the finding of probable cause. (Doc. 32, at 4). "[A] plaintiff may succeed in a § 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the evidence: (1) that the police officer 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;' and (2) that 'such statements or omissions are material, or necessary, to the finding of probable cause.'" *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000) (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)). Here, however, Postie only provides conclusory assertions that Frederick made false statements, and that those statements were material to the finding of probable cause. Nowhere on the face of the amended complaint does Postie identify the specific statements that are alleged to be false, or explain why those statements were material to the finding of probable cause. In the brief in support of their motion to dismiss, Defendants contend that the case at bar is analogous to the case of *Basile v. Township of Smith*, in which Chief Magistrate Judge Lenihan of the United States District Court for the Western District of Pennsylvania granted a motion to dismiss where plaintiffs only offered conclusory allegations in support of their false arrest claim without any specific supporting facts. 752 F.

Supp. 2d 643, 657 (W.D. Pa. 2010). This Court agrees that *Basile* is persuasive in setting out the pleading standard for a claim of false arrest pursuant to a warrant. After disregarding the conclusory statements found in Postie's amended complaint, as is dictated by *Iqbal*, the remaining allegations contain insufficient facts to state a plausible claim for relief.

In his brief in opposition to the motion to dismiss, Postie provides further detail regarding the specific statements in the affidavit of probable cause that Frederick allegedly knew to be false. However, the after-the-fact allegations contained in Postie's brief in opposition cannot serve to bolster the otherwise-insufficient allegations in the amended complaint itself. See *Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) ("[W]e do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rule . . . 12(b)(6)."); *Commw. of Pa. Ex. Rel Zimmerman v. PepsiCo., Inc.,* 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Because the amended complaint is unable to stand by itself with regard to the false arrest claim against Frederick, this claim will be dismissed without prejudice. See *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

### 2. False Imprisonment and Malicious Prosecution Claims

Postie also alleges Fourth Amendment claims for false imprisonment and malicious prosecution against Sergeant Frederick and Officer Sinton. "To state a claim for false imprisonment, a plaintiff must establish: (1) that she was detained; and (2) that the detention was unlawful." *James v. City of Wilkes-Barre*, 700 F.3d 675, 682-83 (3d Cir. 2012). A malicious prosecution claim requires a showing "that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously . . . ; and (5) the

6

plaintiff suffered deprivation of liberty . . . ." *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). "An officer may . . . be considered to have initiated a criminal proceeding if he or she knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion." *Gatter v. Zappile*, 67 F. Supp. 2d 515, 521 (E.D. Pa. 1999) *aff'd*, 225 F.3d 648 (3d Cir. 2000). Claims for both false imprisonment and malicious prosecution require the plaintiff to allege a lack of probable cause. *See generally Gatter*, 67 F. Supp. 2d at 519-21. As stated above in reference to the false arrest claim, however, Postie does not sufficiently allege that probable cause was lacking because Postie fails to specify what information was falsified in the affidavit of probable cause. For this reason, the false imprisonment and malicious prosecution claims must also be dismissed.

      Defendants also allege that the claims against Officer Sinton must fail because Postie does not show that Sinton was personally involved in the alleged wrongdoing. (Doc. 36, at 18). "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing . . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988)). Moreover, "[a]llegations of . . . actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode*, 845 F.2d at 1207. Here, because Postie alleges that Frederick procured the warrant and falsified the affidavit of probable cause, he must show that Sinton was personally involved through actual knowledge and acquiescence to the wrongdoing. Postie makes this showing in his amended complaint, alleging that Sinton "worked in concert with Defendant Officer Frederick . . . by having full knowledge that the Affidavit contained false information . . . ." (Doc. 32, at 4). If Postie is able to

establish his claim that Frederick provided false information in the affidavit that was essential to the finding of probable cause, then Postie's allegation that Sinton knew the information in the warrant was false would be sufficient evidence of personal involvement to sustain a claim that Sinton effectuated the arrest without probable cause. *See Berg v. Cnty. of Allegheny*, 219 F.3d 261, 273 (3d Cir. 2000) ("[A]n apparently valid warrant does not render an officer immune from suit if his reliance on it is unreasonable in light of the relevant circumstances.").

### 3. Municipal Liability Claim Against Rush Township

Postie also asserts a federal civil rights claim under 42 U.S.C. § 1983 against Rush Township, alleging that this municipal Defendant is vicariously liable because the two Defendant police officers allegedly took unlawful actions pursuant to Rush Township policy or custom. (Doc. 32, at 5). In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court of the United States established that municipalities and other local governmental units are included among those "persons" subject to liability under § 1983. *Monell*, 436 U.S. at 690. Thus, to state a § 1983 claim against a municipality, a plaintiff must allege a constitutional injury that was caused when the municipality took action pursuant to a custom or policy. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992); *see also Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984) ("A plaintiff must identify the challenged policy, attribute it to the [municipality] itself, and show a causal link between execution of the policy and the injury suffered."). Regardless of any policy or practice a municipality may have adopted, however, liability under *Monell* requires an underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

As a preliminary matter, Postie's claims against Rush Township under *Monell* must fail because he has yet to establish an underlying constitutional violation that could be imputed to the municipality. *See Heller*, 475 U.S. at 799 ("[I]f the [municipal employees] inflicted no constitutional injury on [the plaintiff], it is inconceivable that [the municipality] could be liable . . . ."). Even if Postie had stated sufficient facts to put forth a plausible Fourth Amendment claim against the two Defendant officers, however, his claim for municipal liability still falls short. Postie alleges that Rush Township had a custom of laxity when it came to training and disciplining its officers with regard to civil rights violations. (Doc. 32, at 6). The United States Court of Appeals for the Third Circuit has stated that "a municipality's failure to train police officers only gives rise to a constitutional violation when that failure amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Montgomery v. De Simone*, 159 F.3d 120, 126-27 (3d Cir. 1998). Moreover, the failure to train or discipline may only serve as a basis for municipal liability "if the plaintiff can show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." *Montgomery*, 159 F.3d at 127.

Here, Postie raises a "pattern of violations" theory and—as the only evidence in support of his allegations of municipal liability—attaches four lawsuits in which the municipality was sued for various alleged Fourth Amendment violations committed by

Sergeant Frederick and other Rush Township police officers.[2] (Doc. 32, at 12-53). However, none of the four cases cited by Postie involve alleged misrepresentations in an affidavit of probable cause or otherwise accuse Rush Township police officers of obtaining illegal warrants. Postie fails to explain how these four lawsuits are "similar" to his own case for the purpose of imputing a pattern of violations. *See Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) (holding that four previous instances where defendant district attorney's office had convictions overturned for failing to disclose potentially exculpatory evidence to the opposing party did not constitute a pattern of similar violations sufficient to put the office on notice that its training was inadequate where those four cases did not involve the specific types of evidence that plaintiff alleged the office failed to turn over in his case).

Furthermore, Postie points to no specific inadequacies in the Rush Township police training program. He does not even allege that any of the four lawsuits he attached resulted in adverse judgments against Rush Township police officers. The Court is left to speculate as to what action or inaction on the part of the municipality could be viewed as endorsing Frederick's alleged actions in the case at bar. *See Montgomery*, 159 F.3d at 127. The mere existence of these four lawsuits—unaccompanied by any further evidence—does not suffice to show that Rush Township had notice that police officers were inadequately trained with respect to the type of violation (i.e., a fraudulent affidavit of probable cause) that is at issue here. *See Connick*, 131 S. Ct. at 1360. Because Postie fails to adequately identify a specific Rush Township custom, and fails to establish a causal link between that custom and the

---

[2] The four cases are: *Hadesty v. Rush Twp. Police Dep't*, No. 3:14-cv-02319 (M.D. Pa.); *Hughes v. Hess*, No. 3:13-cv-02292 (M.D. Pa.); *Gerhard v. Fredericks*, No. 3:08-cv-00206 (M.D. Pa.); and *Ziegler v. Fredericks*, No. 3:07-cv-02156 (M.D. Pa.).

harm he suffered in the case at bar, his claim for municipal liability must be dismissed.[3] *See McTernan v. City of York, PA*, 564 F.3d 636, 659 (3d Cir. 2009); *see also Palmer v. Marion Cnty.*, 327 F.3d 588, 596 (7th Cir. 2003) ("[A]lleged personal knowledge of two incidents of misconduct by correctional officers in a period of one year certainly fails to meet the test of a widespread unconstitutional practice . . . that is so well settled that it constitutes a custom or usage with the force of law.").

    C.  S TATE L AW C LAIMS

Postie also asserts a variety of state law claims against Officers Frederick and Sinton, including: false arrest, false imprisonment, assault and battery, malicious prosecution, and abuse of process. (Doc. 32, at 8). Where a district court has dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). Whether a court exercises supplemental jurisdiction is within its own discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). The court's decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that these remaining claims properly belong in state court. *Cohill*, 484 U.S. at 350. Finding nothing in the record to distinguish this case from the ordinary one, the balance of factors in this case "point[s] toward declining to

---

[3] In his brief in opposition, Postie also baldly asserts for the first time that Frederick alone could incur municipal liability on Rush Township because he had policymaking authority as the highest ranking police officer in the Township. (Doc. 39, at 7). However, as stated above, after-the-fact allegations first raised in a brief cannot serve to excuse an otherwise-deficient complaint. *Frederico*, 507 F.3d at 201-02. Accordingly, this Court will disregard Postie's allegation that Frederick had policymaking authority.

exercise jurisdiction over the remaining state law claims." See *Cohill*, 484 U.S. at 350 n. 7. Therefore, Postie's state law claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### III. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). "A district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). Denial of leave to amend is appropriate "[w]hen a party fails to take advantage of previous opportunities to amend, without adequate explanation . . . ." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). Here, however, there is an adequate explanation for Postie's inability to cure the deficiencies in his original complaint, as the previous motion to dismiss was not decided on the basis of the sufficiency of Postie's factual pleadings and allegations. Accordingly, Postie will be given one final opportunity to file an amended complaint that is "complete in all respects" and "stands by itself . . . without reference to the complaint already filed." *Young*, 809 F. Supp. at 1198. In regard to the § 1983 claims against the Frederick and Sinton, Postie must state the specific false statements or omissions that Frederick provided in his affidavit of probable cause, and provide evidence as to why those misstatements or omissions were material to the ultimate determination of probable cause. In regard to the municipal liability claim against Rush Township, Postie must provide further evidence in an effort to identify a specific municipal custom or policy, and then show a possible causal link

where the municipality's actions or inaction could be seen as communicating approval of the constitutional deprivations of which Postie complains.

## IV.  CONCLUSION

Based on the foregoing, Defendants' motion to dismiss (Doc. 35) will be granted and Postie's amended complaint (Doc. 32) will be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6). However, Postie will be granted leave to amend his complaint within thirty (30) days following the dismissal of his complaint.

An appropriate Order follows.

BY THE COURT:

Dated: November 23, 2015

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**