UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK A. POSTIE, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:14-00317 |
| v. | : | (JUDGE MANNION) |
| SGT. DUANE FREDERICK and OFFICER ADAM SINTON, JR., | : | |
| Defendants | : | |
| | : | |

# **M E M O R A N D U M**

Pending before the court is the report of Judge Karoline Mehalchick, (Doc. 71), which recommends that the defendants' motion for summary judgment, (Doc. 63), be granted in part and denied in part. Specifically, Judge Mehalchick recommends that the defendants' motion for summary judgment be granted as to the plaintiff's Fourth Amendment malicious prosecution, false arrest, and false imprisonment claims against defendant Sinton on the basis of qualified immunity; the defendants' motion for summary judgment be denied with respect to the plaintiff's state law assault and battery claims against defendant Sinton; the defendants' motion for summary judgment be denied with respect to the plaintiff's Fourth Amendment malicious prosecution, false arrest, and false imprisonment claims against defendant Frederick; and that the remaining claims be set down for trial. Defendant Frederick has filed limited objections to the report, (Doc. 72, Doc. 73), and the plaintiff has responded to those objections, (Doc. 74). The court has reviewed

the record in this action and, upon consideration, will adopt the report of Judge Mehalchick in its entirety.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In her report, Judge Mehalchick recommends that the defendants'

motion for summary judgment be granted as to the plaintiff's Fourth Amendment malicious prosecution, false arrest, and false imprisonment claims on the basis of qualified immunity. It is further recommended that the plaintiff be permitted to proceed with his state law claims of assault and battery against defendant Sinton. The defendants have specifically limited their objections to the recommendations made with respect to the claims against defendant Frederick only and do not object to Judge Mehalchick's recommendations with respect to defendant Sinton. The court has reviewed Judge Mehalchick's report as it relates to the claims against defendant Sinton and the materials relating thereto. The court finds no clear error of record with respect to Judge Mehalchick's recommendations and agrees with the sound reasoning upon which she bases her recommendation. Therefore, the court will adopt Judge Mehalchick's report as to the recommendations concerning defendant Sinton as the opinion of the court.

With respect to the Fourth Amendment claims of malicious prosecution, false arrest and false imprisonment against defendant Frederick, all require the plaintiff to establish a lack of probable cause. Judge Mehalchick concluded that the record in this case contains credibility and factual issues which preclude a determination on the probable cause element. In his objections, defendant Frederick argues that possession of stolen property is sufficient to establish probable cause thereby defeating the plaintiff's claims. Defendant Frederick argues that the record in this case demonstrates that the

3

plaintiff possessed equipment stolen during a commercial theft and used the equipment to steal fuel in residential thefts. Defendant Frederick points, in part, to the affidavit of probable cause he prepared to support his argument. However, it is clear that there are credibility and factual issues with respect to the affidavit at hand, such that this cannot support defendant Frederick's argument. Defendant Frederick also points to the plaintiff's written confession in the residential thefts to support his argument. Upon review, while the plaintiff admitted to stealing fuel from a residence in his written confession, nothing therein indicates that he used stolen equipment from the commercial thefts to do so. As such, the court agrees with the report of Judge Mehalchick that there are issues of credibility and fact which simply preclude summary judgment.

Defendant Frederick also argues that probable cause for one charge is sufficient, even if other charges are found not to be supported. Again, there are credibility and factual issues which preclude the court from making a determination of probable cause on the record before the court.

Defendant Frederick next argues that he is entitled to qualified immunity based upon state case law which holds that possession or exclusive dominion and control over stolen property is sufficient to establish probable cause. Again, there are questions of credibility and fact as to whether the plaintiff, in fact, possessed the equipment stolen in the commercial thefts, which precludes any finding on summary judgment as to qualified immunity.

4

Finally, without any support, defendant Frederick argues that Judge Mehalchick erred when she relied upon the general proposition that malice may be inferred when there is a lack of probable cause. Instead, defendant Frederick argues that Judge Mehalchick should have considered the plaintiff's specific theory that defendant Frederick's conduct was motivated by his desire to hold the plaintiff in prison until such time that defendant Frederick could compile sufficient evidence to charge the plaintiff in another, unrelated investigation. Considering the plaintiff's *pro se* status and viewing the record in a light most favorable to the plaintiff as the non-moving party, as the court must do, the court finds that Judge Mehalchick did not err in considering that a jury could find that defendant Frederick lacked probable cause to initiate the arrest and that such lack of probable cause could support an inference of malice.

In light of all of the above, defendant Frederick's objections to the report of Judge Mehalchick will be overruled and Judge Mehalchick's report will be adopted in its entirety. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 11, 2018**